**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **MICHAEL BERNARD WYATT,** § | |
| **#1530510,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:11-CV-554-L** |
| § | |
| **RICK THALER, Director**, § | |
| **Texas Department of Criminal Justice**, § | |
| § | |
| Respondent. § | |

**ORDER**

Before the court is Michael Bernard Wyatt's Petition for Writ of Habeas Corpus, filed March 17, 2011, pursuant to 28 U.S.C. § 2254. The case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on October 26, 2011. Petitioner filed objections to the Report on November 7, 2011, which were received by the court on November 15, 2011.

**I.  Petitioner's Objections to the Report**

    **A.  Petitioner's Second and Sixth Claims**

The Report concludes that Petitioner's second claim for involuntary guilty plea and sixth claim for bias of the trial judge are procedurally barred for failure to exhaust his state court remedies by direct appeal and that Petitioner has not demonstrated cause and prejudice or fundamental miscarriage of justice that would permit federal review of the procedurally defaulted claims. In conclusory fashion, Petitioner contests the Report's determination that his claims are procedurally barred; however, such conclusory statements are insufficient to warrant consideration of his claim

as a procedurally defaulted claim. *See Ross v. Estelle*, 694 F.2d 1008, 1111-12 (5th Cir. 1983) (conclusory allegations lack probative value and do not overcome procedural default). The objection is therefore overruled.

### B. Petitioner's Remaining Claims (Merits Review)

#### 1. Actual Innocence

The Report concludes that actual innocence of the crime charged in the indictment is not a cognizable federal habeas claim standing alone. Petitioner objects that the Report assumes that since he pled guilty, he knew he was pleading guilty under the law of the parties. Petitioner contends that this ignores his contention that such plea was based on the understanding that he would receive probation. The court determines that Petitioner's objections do not address the deficiency with regard to his actual innocence claim as noted in the Report. The objection is therefore overruled.

#### 2. Ineffective Assistance of Counsel

Petitioner alleged several reasons why he believe his counsel was ineffective. The Report notes, that under applicable law, all nonjurisdictional defects in a criminal proceeding are waived except for claims of ineffective assistance of counsel related to the voluntariness of the plea. The Report therefore concludes that because Petitioner entered a guilty plea, he waived his ineffective assistance of counsel claims. Even if not waived, the Report concludes that Petitioner's claim was without merit. Petitioner's objections do not address the Report's conclusion that he waived this claim but instead argues the merits of his claim. Most of the arguments are based on his disagreement with his attorney's litigation strategy, including the decision to enter a guilty plea. This is not evidence, however, that Petitioner's plea was involuntary; nor is there evidence that Petitioner was not provided the opportunity to participate in his defense strategy at trial. Moreover, the

realization in hindsight that a particular litigation strategy may not have been advantageous is not sufficient to establish a claim for ineffective assistance of counsel. *See Premo v. Moore*, 131 S.Ct. 733, 741 (2011). Petitioner's objections are therefore overruled.

### 3. State's Violation of Petitioner's Right Against Self Incrimination

The Report concludes, and the court agrees, that Petitioner waived his right against self incrimination by entering a guilty plea. Accordingly, Petitioner's unsupported conclusory objections are overruled.

### 4. Prosecutorial Error or Misconduct

The Report concludes that none of the conduct alleged arises to prosecutorial misconduct, and Petitioner failed to show that the state court's decision to deny this claim was contrary to, or involved an unreasonable application of clearly established federal law. Petitioner objects, contending that under *Brady v. Maryland*, 373 U.S. 83 (1963), the prosecutor had a duty to present all evidence and facts to the grand jury. *Brady* does not support Petitioner's contention. Petitioner's objection in this regard is therefore overruled.

### 5. Request for Evidentiary Hearing

The Report states that Petitioner was given a full and fair opportunity to develop and litigate his claims in state court, and Petitioner has offered no evidence or legal support to the contrary. Petitioner objects that affidavits by counsel and the prosecutor do not address all of the claims and allegations made in his habeas petition. Additionally, Petitioner contends that a hearing is necessary to address all of the claims raised in his petition, and without the audio recording of the withdrawal

of plea hearing, the record will be incomplete. Having reviewed Petitioner's claims and the record, the court disagrees that a hearing is necessary or warranted. The court therefore overrules the objection.

## II.  Conclusion

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct. The court therefore **accepts** the magistrate judge's findings and conclusions as those of the court, **denies** Michael Bernard Wyatt's Petition for Writ of Habeas Corpus, and **dismisses** this action **with prejudice**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)  Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)  **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

    **It is so ordered** this 30th day of November, 2011.

                                          Sam A. Lindsay
                                          United States District Judge